IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| **TRUSTEES OF THE PLUMBERS AND,** \* | |
| **GASFITTERS LOCAL 5 RETIREMENT** | |
| **SAVINGS FUND,** *et al.*, \* | |
| Plaintiffs, \* | |
| v. \* | Case No.: GJH-21-58 |
| **TRINMAR CONTRACTING SERVICES,** \* | |
| **INC.,** | |
| \* | |
| Defendant. | |
| \* | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**MEMORANDUM OPINION**

Plaintiffs, Plumbers Local Union No. 5 and Trustees of several multiemployer benefit plans and funds, bring this action against Defendant Trinmar Contracting Services, Inc., pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001 *et seq.*, and the Labor Management Relations Act ("LMRA") of 1947, 29 U.S.C. § 141 *et seq.* Following Defendant's failure to answer or otherwise defend in this action, the Clerk entered default against Defendant on September 28, 2021. ECF No. 8. Now pending is Plaintiffs' Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b). ECF No. 7. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, Plaintiffs' Motion for Default Judgment is granted in part and denied in part, and judgment is entered against Defendant in the amount of $176,231.28.[1]

---

[1] The Motion to Withdraw as Attorney, ECF No. 11, is also granted.

1

I.      BACKGROUND[2]

The following facts are established by the Complaint, ECF No. 1, and evidentiary exhibits in support of the Motion for Default Judgment, ECF No. 7. Plaintiffs are an unincorporated labor organization as defined in Section 2(5) of the LMRA, 29 U.S.C. § 152(5), trustees of six multiemployer employee benefit plans as defined in Section 3(3) and (37) of ERISA, 29 U.S.C. §§ 1002(3), (37), trustees of a labor-management cooperation committee as provided for in Section 302(c)(9) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(9), and Section 6 of the Labor-Management Cooperation Act of 1978, 29 U.S.C. § 175a, and trustees of a trust fund established and maintained according to its Trust Document. ECF No. 1 ¶¶ 1–9.[3]

Defendant Trinmar is a Maryland corporation. *Id.* ¶ 10. Defendant transacted business in Maryland and Washington, DC, as a contractor or sub-contractor in the plumbing industry. *Id.* Defendant is an "employer" engaged in an industry affecting commerce as defined by ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14), by Section 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a, and by Sections 501(1), (3) and 2(2) of the LMRA, 29 U.S.C. §§ 142(1), (3) and 152(2). *Id.*

At all relevant times, Defendant was a signatory to the terms of the Collective Bargaining Agreement between the Mechanical Contractors Association of Metropolitan Washington, DC, and Plumbers Local Union No. 5. *Id.* ¶ 14; *see also* ECF No. 7, Exhibit 5 at 261 ("Letter of Assent"). As a signatory to the Collective Bargaining Agreement, Defendant Trinmar agreed to

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

[3] Specifically, Plaintiffs are comprised of Plumbers Local Union No. 5 and Trustees of the Plumbers and Gasfitters Local 5 Retirement Savings Fund, the Plumbers and Pipefitters Apprenticeship Fund, the Plumbers and Pipefitters Vacation Fund, the Plumbers and Pipefitters Medical Fund, the Communications and Productivity Fund, the Industry Promotion Fund, the Plumbers and Pipefitters National Pension Fund, and the International Training Fund. ECF No. 1 ¶¶ 1–9.

be bound to the terms of the Agreements and Declarations of Trust establishing the Local 5 Funds and National Benefit Funds. ECF No. 1 ¶ 15.[4] The Funds are established and maintained according to the provisions of the Agreements and Declarations of Trust. *Id.*

The Collective Bargaining Agreement and the Agreements and Declarations of Trust require contributions and other amounts to be paid to the relevant funds. *Id.* ¶ 14. The contributions are calculated upon each hour of covered work performed by employees under the Collective Bargaining Agreement. *Id.* Defendant Trinmar has employed employees covered by the Collective Bargaining Agreement from at least December 2019 until present. *Id.* ¶ 18. Signatory employers are obligated to submit monthly payments and monthly remittance reports identifying hours worked by covered employees and the amount of contributions due for each employee. *Id.* ¶ 16. An employer is in default if the contributions are not received within the applicable time period. *Id.* In addition, employers are required to submit to payroll review conducted by the Local 5 Benefit Funds to determine that the contributions have been paid correctly. *Id.* ¶ 17.

On January 8, 2021, Plaintiffs filed the Complaint. ECF No. 1. Plaintiffs brought three counts. In Count I, Plaintiffs alleged that Defendant has failed to pay contributions to the Local 5 Benefit Funds for work performed in July 2020. *Id.* ¶ 20. Plaintiffs also alleged that Defendant failed to submit contribution reports or pay contributions to either the Local 5 Benefit Funds or the National Benefit Funds for the months of August 2020 until November 2020. *Id.* ¶¶ 21, 23. Plaintiff alleged that, by virtue of the failure to pay contributions, Defendant breached the Collective Bargaining Agreement as well as its obligations under the Local 5 Benefit Funds' and

---

[4] The Local 5 Benefit Funds are made up of the Plumbers and Pipefitters Medical Fund, the Retirement Savings Fund, the Apprenticeship Fund, and the Vacation Fund. *See* ECF No. 1 ¶ 4. The National Benefit Funds are made up of the Plumbers and Pipefitters National Pension Fund and the International Training Fund. *Id.* ¶ 8.

National Benefits Funds' Agreements and Declarations of Trust, and Section 515 of ERISA, 29 U.S.C. § 1145. *Id.* ¶ 24. In Count II, Plaintiffs alleged that they were entitled to conduct a payroll audit at Defendant's expense. *Id.* ¶¶ 34, 36. In Count III, Plaintiffs alleged that employees authorized working assessments and dues deductions from their paychecks but that Defendant had failed to forward those amounts to the respective funds. *Id.* ¶¶ 38, 39. Plaintiffs requested judgment of unpaid contributions, liquidated damages, interest, reasonable attorneys' fees and costs, and a court order requiring Defendant to submit payroll records for an audit. *Id.* at 11.

Defendant has not replied. On March 18, 2021, Plaintiffs moved for Clerk's Entry of Default. ECF No. 5. On July 15, 2021, Plaintiffs filed the Motion for Entry of Default Judgment. ECF No. 7. The Clerk entered default against Defendant on September 28, 2021, and notice was sent. ECF Nos. 8, 9.

## II.   STANDARD OF REVIEW

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court." *Educ. Credit Mgmt. Corp. v. Optimum Welding*, 285 F.R.D. 371, 373 (D. Md. 2012). Although "[t]he Fourth Circuit has a 'strong policy' that 'cases be decided on their merits,'" *Choice Hotels Intern., Inc. v. Savannah Shakti Carp.*, No. 11-cv-0438-DKC, 2011 WL 5118328, at *2 (D. Md. Oct. 25, 2011) (quoting *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), "default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party," *id.* (citing *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)).

"Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not." *Lawbaugh*, 359 F. Supp. 2d at 422; *see also Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (noting that "[t]he defendant, by [its] default, admits the plaintiff's well-pleaded allegations of fact," which provide the basis for judgment) (internal quotations omitted). Upon a finding of liability, "[t]he court must make an independent determination regarding damages[.]" *Int'l Painters & Allied Trades Indus. Pension Fund v. Capital Restoration & Painting Co.*, 919 F. Supp. 2d 680, 684 (D. Md. 2013). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). "While the court may conduct an evidentiary hearing to determine damages, it is not required to do so; it may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum." *Int'l Painters & Allied Trades Indus. Pension Fund*, 919 F. Supp. 2d at 684.

### III.   DISCUSSION

Pursuant to ERISA, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145; *see Bd. of Trustees, Sheet Metal Workers' Nat'l Pension Fund v. Camelot Constr., Inc.*, 2015 WL 13050031, at *3 (E.D. Va. Apr. 14, 2015). Section 1145 creates a federal right of action for multiemployer plans to collect delinquent contributions. *Trustees of the Plumbers & Pipefitters Nat. Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 445 (4th Cir. 2015). "To enforce payment of delinquent contributions, ERISA, 29 U.S.C. § 1132, allows for the recovery of delinquent contribution in federal court along with

accrued interest, liquidated damages, and attorneys' fees and costs." *Bd. of Trustees, Sheet Metal Workers' Nat'l Pension Fund*, 2015 WL 13050031, at *3.

In the Complaint, Plaintiffs alleged that Defendant failed to pay contributions to the Local 5 Benefit Funds for the month of July 2020. ECF No. 1 ¶ 20. Plaintiffs further alleged that Defendant failed to provide contribution reports or pay contributions to either the Local 5 Benefit Funds or the National Benefit Funds for the months of August through November 2020. *Id.* ¶ 21. Plaintiffs alleged that Defendant was obligated under the terms of the Collective Bargaining Agreements and Trust Agreements to make these contributions. In addition, Plaintiffs alleged that Defendant failed to forward working assessments and union dues on behalf of covered employees to Plumbers Local Union No. 5, the Communications & Productivity Fund, and the Industry Fund. *Id.* ¶¶ 38, 39.

Thus, assuming the truth of the well-pleaded allegations in the Complaint, Plaintiff has established Defendant's liability under the Collective Bargaining Agreement, applicable Trust Agreements, and ERISA, 29 U.S.C. § 1132(g)(2). *See, e.g.*, *Trustees of the Nat'l Automatic Sprinkler Indus. Welfare Fund v. Harvey*, No. 15-cv-521-GJH, 2016 WL 297425, at *3 (D. Md. Jan. 21, 2016).

Regarding damages, 29 U.S.C. § 1132(g)(2) provides that in any action brought to enforce the payment of delinquent contributions, and in which a judgment in favor of the plan is awarded, the court shall award the plan:

> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of—
>     i. interest on the unpaid contributions, or
>     ii. liquidated damages provided for under the plan in an amount
>     not in excess of 20 percent (or such higher percentage as may

>  >  be permitted under Federal or State law) of the amount
>  >  determined by the court under subparagraph (A),
>  > (D) reasonable attorney's fees and costs of the action, to be paid by
>  >  the defendant, and
>  > (E) such other legal or equitable relief as the court deems
>  >  appropriate.

29 U.S.C. § 1132(g)(2); *see also Nat'l Elec. Benefit Fund v. Chester Cty. Elec., Inc.*, No. 16-cv-3834-GJH, 2017 WL 3446772, at *3 (D. Md. Aug. 10, 2017); *Int'l Painters & Allied Trades Indus. Pension*, 919 F. Supp. 2d at 685.

In the Motion, Plaintiffs request a total of $176,925.28. Broken down, the Plaintiffs request an amount of $138,165.06 in unpaid contributions; an amount of $19,351.47 in liquidated damages; an amount of $9,497.25 in interest; an amount of $9,369.50 in attorneys' fees; and an amount of $542 in costs. ECF No. 7 at 1. Plaintiffs also ask this Court for an order compelling Defendant to submit to an audit. *Id.*[5]

In support of the Motion, Plaintiffs have provided the Declaration of Terriea Smalls, a Trustee of several of the benefit funds and member of the Local 5 Trust Fund Collection Committee. ECF No. 7-3 (Decl.). Smalls attests to the failure of Defendant to pay the required contributions and Defendant's breach of the Collective Bargaining Agreement and applicable Agreements and Declarations of Trust. *Id.* ¶¶ 15, 16. Plaintiffs also provide nine exhibits, including the relevant Trust Agreements (Exhibits 1–3), the Collective Bargaining Agreement (Exhibit 4), Defendant's Letter of Assent to the Collective Bargaining Agreement (Exhibit 5), Employer Guidelines (Exhibit 7), previous remittance reports from Defendant (Exhibit 8), and a Summary of Damages and associated calculations (Exhibit 9). In addition, counsel has provided a Declaration of Attorneys' Fees and associated timesheets. ECF No. 7-4.

---

[5] When stating the interest damages, Plaintiffs undercounted by one cent. The correct interest total is stated here.

### A. Contributions, Liquidated Damages, and Interest

#### 1. Contributions

Plaintiffs request $17,308.80 for the Local 5 Benefit Funds for the month of July 2020. ECF No. 7-2 at 7.[6] Defendant submitted a remittance report identifying the amount owed but failed to remit the contributions. Decl. ¶¶ 18, 19; Exhibit 8. The Court finds that the requested amount is substantiated by the record.

Plaintiff also requests $89,041.80 in projected, unpaid contributions for the Local 5 Benefit Funds Plaintiffs for August 2020 through January 2021 and $29,039.34 in projected, unpaid contributions for the National Benefit Fund Plaintiffs for the months of August 2020 through January 2021. ECF No. 7-2 at 9. Defendant failed to submit reports for contributions owed to either the Local 5 Benefit Fund or the National Benefit Fund for the months of August 2020 through January 2021. Decl. ¶ 20.

Plaintiffs had alleged that Defendant failed to submit contributions for the funds through November 2020 in the Complaint, but in the Motion, Plaintiffs clarify that since filing the Complaint in January 2021, more contributions have become due. Decl. ¶ 23. Although the requested amounts in the Motion differ from the amounts stated in the Complaint, requested damages in the Complaint also included "contributions, if any, that become due after the filing of this lawsuit and up to the date of judgment, plus interest and liquidated damages on an such contributions." ECF No. 1 at 11. Accordingly, Defendant is fairly regarded to be on notice of the subsequent increase due to the continuing obligations to make contributions to the Funds. *See Trustees of the Nat'l Automatic Sprinkler Indus. Welfare Fund*, 2016 WL 297425, at *5.

---

[6] Plaintiffs also alleged that Defendant failed to pay contributions to the National Benefit Funds for work performed in the month of July 2020. ECF No. 1 ¶ 22. However, Plaintiffs retract that statement in the Motion. ECF No. 7-2 at 5 n.2; Decl. ¶ 18.

According to the "Projection of Delinquency" provisions in the Restated Agreements and Declarations of Trust, Local 5 Benefit Fund Plaintiffs and National Benefit Fund Plaintiffs may calculate the average of three months of contributions and assume that the employer would continue to be obligated that amount into the future. *See* Decl. ¶¶ 21, 22; Exhibit 1 at 32 ("Local 5 Benefit Funds Trust Agreements"); Exhibit 2 at 161 ("National Benefit Funds Trust Agreements").

The Court finds that these totals for projected contributions are supported by the remittance reports and the spreadsheets. *See* Exhibits 8, 9. The amounts were calculated by taking the average of three months in which remittance reports were received for each fund and multiplying that amount by six—or the number of months where remittance reports were not submitted. ECF No. 7-2 at 9, 10. Therefore, Plaintiffs are entitled to recover the requested amounts.

**2. Liquidated damages**

Plaintiffs request $15,952.59 in liquidated damages for the Local 5 Benefit Funds and $2,982.61 for the National Benefit Funds. ECF No. 7-2 at 11. Pursuant to the Collective Bargaining Agreement and the Agreements and Declarations of Trust establishing the Local 5 Benefit Funds, an employer who fails to pay the amounts required owes, in addition to the delinquent contributions, liquidated damages at the rate of 15% of the amount owed. *See* Decl. ¶¶ 28, 29; *see also* Exhibit 4 ¶ 162 ("Collective Bargaining Agreement"). Pursuant to the Collective Bargaining Agreement and the Agreements and Declarations of Trust establishing the National Benefit Funds, liquidated damages are due to the Plumbers and Pipefitters National Pension Fund at the rate of 10% of contributions owed and liquidated damages to the

International Training Fund at the rate of 20% of contributions owed. Decl. ¶¶ 26, 27; *see also* Exhibit 2 at 169, 197 ("National Benefit Funds Trust Agreements").

Plaintiff's requested damages are supported here. Plaintiff has calculated 15% of the amount owed for the Local 5 Fund for a total of $15,952.59, and 10% and 20% respectively of the amounts owed for the National Benefit funds for a total of $2,982.61.

    **3. Interest**

Plaintiff has requested damages for interest of $7,117.48 for the Local 5 Benefit Funds and $2,125.82 for the National Benefit Funds. ECF No. 7-2 at 12; *see also* Decl. ¶¶ 33, 35.

Pursuant to ERISA, "interest on unpaid contributions shall be determined by using the rate provided under the plan[.]" 29 U.S.C. § 1132(g)(2). Pursuant to the Collective Bargaining Agreement and the Agreements and Declarations of Trust establishing the Local 5 Benefit Funds, an employer who fails to pay the amounts by the date due owes interest at a rate of 10% per annum from the date due through date of payment. Decl. ¶¶ 32, 33; Exhibit 1 at 31 ("Local 5 Benefit Funds Trust Agreements"). Pursuant to the Collective Bargaining Agreement and the Agreements and Declarations of Trust establishing the National Benefit Funds, an employer who fails to pay the amounts required by the date due owes, in addition to the delinquent contributions, interest at a rate of 12% per annum from the date due through the date of payment. Decl. ¶¶ 34, 35; Exhibit 2 at 169, 197 ("National Benefit Funds Trust Agreements").

Plaintiffs requested damages are supported here as well. For the Local 5 Funds, Plaintiff calculated interest of an interest rate of 10% per annum on the delinquent contributions until July 15, 2021, and the total is $7,117.48. Similarly, Plaintiff calculated an interest rate of 12% per annum from the due dates until July 15, 2021, and the total is $2,125.82.

    **B. Payroll Audit**

Plaintiffs request that this Court order Defendant to submit all payroll books and records to Plaintiffs for an audit, at Defendant's expense, for the period of December 2019 until the date of judgment. ECF No. 7-2 at 13. Plaintiffs contend that an audit could demonstrate that additional amounts are owed to Plaintiffs. ECF No. 1 ¶ 36.

ERISA allows other "legal and equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2)(E). The Collective Bargaining Agreement and relevant Agreements and Declarations of Trust require signatories to submit to a payroll audit to determine if contributions have been paid correctly. Decl. ¶¶ 16, 36. Thus, the Court finds that Plaintiffs' request is proper.

### C. Working Assessments and Other Contributions

Plaintiffs also request $2,459.88 in working assessments and dues to the Local 5 Funds because the July 2020 contribution report submitted by Defendant shows that this total was due but was never paid. ECF No. 7-2 at 14; Decl. ¶ 37. This amount is supported both by the Declaration and by the attached copy of the July 2020 report. *See* Exhibit 8. The Collective Bargaining Agreement also allows the collection of liquidated damages in the amount of 15% and of interest of 10% per annum. Decl. ¶ 38. Therefore, Plaintiff is also due $368.98 in liquidated damages and $225.10 in interest.

Plaintiffs also request $315.24 in contributions Defendant owed to the Industry Fund Plaintiffs for the month of July 2020 as identified on the contribution report. ECF No. 7-2 at 14. This amount is supported by the attached copy of the July 2020 report. *See* Exhibit 8. In addition, pursuant to the Collective Bargaining Agreement, the applicable Trust Agreements, and the Employer Guidelines, an employer is also responsible for liquidated damages at a rate of 15% and interest at a rate of 10% per annum. Decl. ¶ 39. Therefore, Plaintiff may also collect $47.29 in liquidated damages and $28.85 in interest.

### D. Attorneys' Fees and Costs

Plaintiffs have also requested reasonable attorneys' fees and costs. 29 U.S.C. § 1132(g)(2) provides that plaintiffs may be awarded "reasonable attorney's fees and costs of the action, to be paid by the defendant[.]" *See, e.g.*, *Nat'l Elec. Benefit Fund*, 2017 WL 3446772, at *4.

Plaintiffs have provided a declaration from counsel Rebecca W. Richardson outlining attorneys' fees and costs. ECF No. 7-4. Counsel has provided a detailed spreadsheet that totals 33.75 hours of attorney time extending from December 2020 through June 2021. Exhibit A. The spreadsheet also includes a description of activities. Counsel attests that this is a customary and usual amount of time to spend on a case of this type. ECF No. 7-4 ¶ 6.

Plaintiffs negotiated with counsel for a rate of $266 per hour, which increased to $290 per hour on June 1, 2021. *Id.* ¶ 7. Counsel attests that this rate is below the usual and customary fee charged for this type of work. *Id.* Four attorneys were involved in the matter, and the attorneys ranged from 23 years of experience to 2 years of experience, with the average experience around 10 years. *Id.* Based on Local Rules, a rate of $266, with the increase to $290 for work done on or after June 1, 2021, is a reasonable hourly rate for the level of experience involved in the matter. *See* Loc. R. App. B (D. Md. 2021). Multiplying the hours substantiated in the record of work before June 1, 2021 at the rate of $266 an hour and the hours done on or after June 1, 2021 by the rate of $290 an hour, Plaintiffs are entitled to a total of $9,217.50 in attorneys' fees.[7]

---

[7] Plaintiffs requested $9,369.50 in attorneys' fees but that amount is not supported by the record. Instead, the record shows that 23.75 hours of work were completed before June 1, 2021, and 10 hours of work were completed on or after June 1, 2021. Counsel attests that they negotiated a rate of $266 an hour before June 1, 2021, and on June 1, 2021, the rate increased to $290 an hour. The spreadsheet provided uses a rate of $288 an hour for the month of May 2021 with no explanation for this rate.

Counsel also attests to costs incurred in the amount of $140 for a private process server and legal costs of $402. ECF No. 7-4 ¶¶ 8, 9. Counsel attests that invoices of these costs can be found in Exhibit B. There is no Exhibit B attached to the Motion. The request for costs is not substantiated by the record and is denied.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment, ECF No. 7, is granted in part and denied in part against Defendant in the total amount of $176,231.28:

A. Plaintiffs are granted $138,165.06 in unpaid contributions;

B. Plaintiffs are granted $19,351.47 in liquidated damages;

C. Plaintiffs are granted $9,497.25 in interest;

D. Plaintiffs are granted $9,217.50 in attorneys' fees; and

E. Plaintiffs are denied costs.

Additionally, Defendant shall supply to Plaintiffs, within 21 days of service of this judgment, all employment and payroll records and contribution reports for an audit, at Defendants' expense, for the period of December 2019 until the date of judgment. Post-judgment interest shall accrue until the judgment is satisfied pursuant to 28 U.S.C. § 1961. A separate Order shall issue.

Dated: January 10, 2022        /s/ _____
                               GEORGE J. HAZEL
                               United States District Judge